UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

ERIC LATROY HARRIS,            )
                               )
        Plaintiff,              )
                               )
v.                             )      CV417-154
                               )      CV417-184
SCMPD (CNT AGENTS),            )
                               )
        Defendants.             )

# ORDER

Proceeding *pro se* and *in forma pauperis*, Eric LaTroy Harris brings this 42 U.S.C. § 1983 action against two unknown Counter Narcotics Team (CNT) agents at the Savannah Chatham Metropolitan Police Department (SCMPD). Doc. 1. The Court screened his Complaint under 28 U.S.C. § 1915A and ordered him to amend it. Doc. 7. Having done so,[1] the Court now screens his Amended Complaint.

Harris is confined at Chatham County Detention Center. CV417-184, doc. 1 at 3. He alleges that on July 13, 2017, SCMPD CNT agents

---

[1] When Harris filed his Amended Complaint, he failed to note the original case number and it was erroneously docketed as a new § 1983 action. The Clerk is **DIRECTED** to administratively close CV417-184, refile his Amended Complaint as such under original case CV417-154, and the action will proceed under original case CV417-154.

entered a home he was visiting and ordered him to the ground. *Id.* at 5. He complied with their directive, but after being handcuffed the agents lifted him bodily by the arms and dragged him "through the house, down the porch steps and through the driveway until they reached the sidewalk where [he] was placed facedown." *Id.* This "treatment was unwarranted," he contends, because he "never resist[ed] the agents in any way," had no illegal substances on his person, and ultimately was not "charged with resisting arrest or obstruction." *Id.*[2] As a result, he received "multiple abrasions to [his] arms and legs as well as [an] unknown injury to [his] back." *Id*. He seeks $1.5 million in compensation for the "cruel and unusual punishment [he] received as well as for the defamation of character, mental anguish, [and] pain and suffering that [he] endured at the hands of SCMPD." *Id.* at 6.

Liberally construed, plaintiff alleges that SCMPD CNT officers utilized excessive force in violation of the Fourth Amendment during his drug-offense related arrest. "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on

---

[2]  Harris explains that he has been charged with "possession [with] intent & possession of a drug related object for use." Doc. 1 at 5.

the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Graham v. Connor*, 490 U.S. 386, 396 (1989) (quotes and cites omitted).

> Because "[t]he test of reasonableness under the Fourth Amendment is not capable of a precise definition or mechanical application," . . . its proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.

*Id.* (cites omitted). The Court examines "the fact pattern from the perspective of a reasonable officer on the scene with knowledge of the attendant circumstances and facts, and balanc[ing] the risk of bodily harm to the suspect against the gravity of the threat the officer sought to eliminate." *McCullough v. Antolini*, 559 F.3d 1201, 1206 (11th Cir. 2009) (citing *Scott v. Harris*, 550 U.S. 372, 383 (2007)). "Although some amount of force is generally needed to subdue a suspect, the amount used must be reasonably proportionate to the need for force." *Smith v. LePage*, 834 F.3d 1285, 1294 (11th Cir. 2016); *see also Scott*, 550 U.S. at 383 (observing that in determining whether the Fourth Amendment was violated, "we must still slosh our way through the factbound morass of 'reasonableness.'").

Here, Harris alleges that he was compliant with SCMPD CNT officers' instructions, offered no resistance and posed no threat whatsoever, and yet was still roughly dragged through the house and unceremoniously dumped face-down on the sidewalk. Doc. 1 at 5. As a result, he alleges, his back has been seriously (and perhaps permanently) injured. *Id.*; *cf. Nolin v. Isbell*, 207 F.3d 1253, 1257 (11th Cir. 2000) ("the application of de minimis force, without more, will not support a claim for excessive force"). That is enough to warrant a response from the State, including the assertion of any immunity defense. Harris' excessive force claim is **GREENLIT** for service.

As to his defamation claim, however, the Constitution does not forbid slander. *Paul v. Davis*, 424 U.S. 693 (1976) (an interest in reputation alone is not a liberty or property interest protected by the due process clause); *Williams v. City of Savavannah*, 2015 WL 994259, at *3 (S.D. Ga. Nov. 12, 2015) (defamation and slander claims are not actionable under § 1983). Therefore, defamation of plaintiff's character -- even if falsely accused of possession -- does not give rise to a claim under 42 U.S.C. § 1983 and the State need not respond to it.

## III. CONCLUSION

Harris' Complaint is greenlit for service. The Clerk is **DIRECTED** to forward a copy of this Order along with his Amended Complaint to the Marshal for service upon the defendants so that they may respond to his excessive force claim.

**SO ORDERED**, this __10th__ day of October, 2017.

_/s/ G. R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA