# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

ERIC LATROY HARRIS,            )
                               )
    Plaintiff,              )
                               )
v.                             )    CV417-154[1]
                               )
SCMPD (CNT AGENTS),            )
                               )
    Defendants.             )

## **ORDER**

Proceeding *pro se* and *in forma pauperis*, Eric LaTroy Harris brings this 42 U.S.C. § 1983 action against two unknown Counter Narcotics Team (CNT) agents at the Savannah-Chatham Metropolitan Police Department (SCMPD). Doc. 1. The Court screened his Amended Complaint under 28 U.S.C. § 1915A and greenlit it for service. Doc. 9. He seeks an Order granting him permission to access the Chatham County Detention Center law library. Doc. 14 (explaining that he was told the "law library & legal aid services are only available to 'pro se'

---

[1] When Harris filed his Amended Complaint in this case, it was erroneously docketed as a new Complaint and a new case file was opened (CV417-184). That second case was closed, and is no longer active. Harris is **DIRECTED** to only refer to, and the Clerk is **DIRECTED** to docket any future filings in, the live case file (CV417-154).

inmates who have an order from the courts stating they should be granted access to legal aid/law library services."); CV417-184, doc. 7 (explaining that "they won't allow me access without [a] Court order.").

It is unclear why Harris is being refused access to the CCDC law library absent a court order, whether based on CCDC policy or as an individual decision. Prisoners, particularly where they are unrepresented by counsel, have a right to meaningful access to the courts, including some right to legal research material. *See Bounds v. Smith*, 430 U.S. 817, 828 (1977); *Bowens v. Sikes*, 2017 WL 486266 at *4 (S.D. Ga. Jan. 4, 2017); *see also Bass v. Singletary*, 143 F.3d 1442, 1445 (11th Cir. 1998) (deprivation of that right may be actionable where "the prison official's actions which allegedly infringed on an inmate's right of access to the courts [ ] frustrated or impeded the inmate's efforts to pursue a nonfrivolous legal claim."). It is also unclear, however, whether Harris has properly grieved this issue pursuant to the CCDC's grievance policy in an effort to seek administrative relief prior to court intervention. Because administrative relief may yet be available to him and Harris has not shown he properly exhausted that avenue, he would not be entitled to any injunctive relief against the CCDC officials who

denied him library access even if they *were* parties to this Complaint (which they aren't). Accordingly, the Court **DENIES** his motions for an order instructing the CCDC to permit him to use the law library for legal research (doc. 14) and motion for injunctive relief ordering the same (CV417-184, doc. 7).

Harris has also sent this Court copies of his "motions to produce in accordance with F.R.O.C.P. Rule 26(b)(1)." Docs. 12 & 13. Presumably, he means Fed. R. Civ. P. 34, which contemplates service of a request to produce documents (or electronically stored information) and other tangible things relevant to his claims. If plaintiff wishes to serve discovery on defendants, he must do so pursuant to the Federal Rules of Civil Procedure -- meaning, any discovery requests are mailed to the party (or that party's attorney) from whom he seeks that discovery. *See* Fed. R. Civ. P. 5(b) (describing procedure for service). The United States Marshals Service is not needed for this purpose. Discovery requests are *not* filed with the Court. Fed. R. Civ. P. 5(d) (initial disclosures and discovery requests/responses are *not* filed until they are used for a motion or the court orders them to be filed). His motions (docs. 12 & 13), therefore, are **DENIED**.

**SO ORDERED**, this  7th   day of December, 2017.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA